Betty S. HARDY, Plaintiff–Appellant,

v.

EASTMAN CHEMICAL COMPANY,
Defendant–Appellee.

No. 01–5361.

United States Court of Appeals,
Sixth Circuit.

Nov. 12, 2002.

Before KEITH and DAUGHTREY,
Circuit Judges;  and CARR, District
Judge.*

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

## OPINION

CARR, District Judge.

Plaintiff-appellant Betty S. Hardy appeals the grant of defendant-appellee Eastman Chemical Company's motion for summary judgment. For the following reasons, we AFFIRM the judgment of the district court.

## BACKGROUND

Hardy, an African American woman, began working for Eastman Chemical Company ("Eastman Chemical") on June 13, 1985, as a buffer worker in the textile fibers division. J.A. at 20, 67. She subsequently was moved to the acid division because of a reduction in force. J.A. at 20, 68. On July 20, 1998, she entered the acid division's operator apprenticeship program. J.A. at 20, 68.

Eastman Chemical's acid division operator apprenticeship program lasts for four years and requires job-related education and job-specific training, including written and hands-on skills examinations. J.A. at 20, 71. Her team manager was Rick Tipton, and her trainer was Richard Kleineick. J.A. at 21, 73–74.

At the time of her termination, Hardy was required to complete and pass a Plant 19 Synthesis Certification Test scheduled on June 10, 1999. J.A. at 21, 75. The exam was open-book, was administered by Kleineick, and was overseen by Tipton. J.A. at 21, 76.

At 6:50 a.m. on June 10, 1999, Tipton told Hardy that her test would begin at 7:00 a.m. and that Hardy should gather any notes that she would need to take the exam. J.A. at 21, 77. Hardy collected her notes, including notes given to her by another employee who was an apprentice on Hardy's training team, Lisa Odom. J.A. at 21, 77. Hardy claimed she did not know the origin of the notes given to her by Odom. J.A. at 21, 77–78.

Prior to testing, Tipton reviewed Hardy's notes and determined that the notes contained the answers to the exam. J.A. at 21–22, 77. Tipton asked Hardy if she needed the notes to take the test and she stated she did not. J.A. at 22, 88. After Hardy finished her exam, Tipton reviewed it and noticed she answered incorrectly on the first question. J.A. at 22, 87–88. When he asked her about it, she changed her answer. J.A. at 22, 88, 154–55. Tipton told Hardy she could review her answers again. J.A. at 22, 88, 155. Hardy did so, became nervous, and changed correct answers to incorrect answers. J.A. at 22, 88. She began to cry and stated that she was not ready for the exam. J.A. at 22, 87, 155–56. She asked for the rest of the day off and was allowed to leave. J.A. at 22, 87.

Eastman Chemical conducted a disciplinary review of the incident, and Hardy denied any intent to cheat on the exam. J.A. 22, 182. Hardy explained that she obtained the notes from Odom. Eastman Chemical then decided to terminate Hardy's employment. J.A. at 22, 182.

Eastman Chemical subsequently interviewed Odom, a Caucasian woman, who told the disciplinary committee that her trainer, Bobby Gonce, allowed her to obtain the test materials. J.A. at 22, 188. Odom copied the materials to use while studying for her exam and admitted that she gave the notes to Hardy and other unnamed employees. J.A. at 22, 188. Eastman Chemical also decided to terminate Odom's employment. J.A. at 22, 189.

The disciplinary committee then interviewed Bobby Gonce, who admitted using the tests to review information with employees, storing the exams in an unlocked

filing cabinet, and telling employees where the tests were located. J.A. at 22–23, 195–96. The committee disciplined Gonce for poor judgment by demoting him (which resulted in a pay reduction), placing him on a four-week disciplinary layoff without pay, and placing him on "final warning" status (which rendered him ineligible for a raise or bonus for one year). J.A. at 23, 194.

Hardy brought suit against Eastman Chemical for race[1] and sex discrimination under Title VII and the Tennessee Human Rights Act ("THRA"). J.A. at 7–8.

On February 26, 2001, the district court granted Eastman Chemical's motion for summary judgment. J.A. at 27. The district court found that Hardy could not establish a prima facie case of sex discrimination because she could not prove that a similarly situated individual outside the protected class was treated more favorably than she. J.A. at 24–25. The district court further found that Hardy could not establish that Eastman Chemical's legitimate nondiscriminatory reason for its action was a pretext for discrimination. J.A. at 25–27.

## STANDARD OF REVIEW

The Sixth Circuit reviews a grant of a motion for summary judgment *de novo*. *Smith v. Wal–Mart Stores, Inc.*, 167 F.3d 286, 289 (6th Cir.1999).

## DISCUSSION

On appeal, Hardy makes two arguments in support of her sex discrimination claim: 1) the district court erred in finding she could not establish the fourth element of her prima facie case of sex discrimination; and 2) the district court erred in finding Hardy could not prove Eastman Chemical's legitimate nondiscriminatory reason for its conduct was a pretext for sex discrimination.

### I. Sex Discrimination

Hardy may prove sex discrimination through direct or indirect evidence.[2] Hardy does not attempt to demonstrate direct evidence of discrimination. This case must, therefore, be examined under the three-part, indirect evidence framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

To demonstrate a prima facie case of sex discrimination, Hardy must prove: "(1) membership in the protected class; (2) that she suffered an adverse action; (3) that she was qualified for the position; and (4) that she was replaced by someone outside the protected class or was treated differently from similarly situated members of the unprotected class." *Warfield v. Lebanon Corr. Inst.*, 181 F.3d 723, 728–29 (6th Cir.1999).

Once Hardy demonstrates a prima facie case of sex discrimination, Eastman Chemical must put forth a legitimate nondiscriminatory reason for its action. *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 599 (6th Cir.2001) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). Eastman Chemical's burden only is one of production, not persuasion. *Id.* (citing *Burdine*, 450 U.S. at 253, 101

---

1. Hardy subsequently conceded this action is only for gender discrimination. Final Br. of Appellant at 5.

2. The parties agree that Hardy's THRA and Title VII claims should be analyzed under the same framework. J.A. at 23 n. 1; *see also*

*Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 993 (6th Cir.1999) ("The Tennessee Supreme Court has held that THRA claims are analyzed in the same manner as Title VII claims.") (citing *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 31 (Tenn.1996)).

S.Ct. 1089). The ultimate burden of persuasion remains with Hardy. *Id.* (citing *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089). After Eastman Chemical produces a legitimate nondiscriminatory reason, Hardy must prove Eastman Chemical's reason is a pretext for discrimination. *Id.* (citing *Burdine,* 450 U.S. at 255, 101 S.Ct. 1089).

## II. Prima Facie Case of Sex Discrimination: Similarly Situated Element

The district court determined that Hardy could not prove the fourth element of her prima facie case. According to the district court, she could not establish that a similarly situated man was treated more favorably than she.

Hardy contends, however, that she is similarly situated to Tracy Venoy, a man to whom Odom gave the same notes and who was not disciplined. Final Br. of Appellant at 18. She argues that both participated in the acid division apprenticeship program, took the same exams, were subject to the same standards, were subject to the same supervision, and engaged in the same conduct because both received the notes from Odom. *Id.* at 18–20. Hardy contends the district court erred in distinguishing Venoy on the basis that there was no evidence that Venoy took the answers into the exam. *Id.* at 19. She argues, "Simply put, both Hardy and Venoy possessed the answers to the test before it was administered. Either way, the testing process would have ostensibly been compromised." *Id.*

The district court held that the fact that Tracy Venoy had not taken test answers into the exam distinguished his circumstances from those of plaintiff. In addition, the district court noted that, at the time the disciplinary committee met with Hardy, Odom, and Gonce, no one informed Eastman Chemical that Venoy received the test answers. J.A. at 7–8.[3]

Eastman Chemical argues that Hardy has not proven that she and Venoy engaged in the same conduct because there is no evidence that Venoy took exam answers to the test with him. Final Br. of Appellee at 18. Eastman Chemical also argues that Hardy and Venoy had different team managers and trainers. *Id.* at 20. Eastman Chemical contends there is no evidence that Tipton, Hardy's team manager, even dealt with a similar situation involving Venoy. *Id.*

To meet her burden on the fourth element of the prima facie case, a plaintiff must establish that she was treated differently from a similarly situated member of the unprotected class. *Warfield,* 181 F.3d at 728–29. A person is similarly situated when he is similar to the plaintiff in "all of the relevant aspects." *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 802 (6th Cir.1994). For cases alleging differential discipline, the Sixth Circuit has stated:

> [T]o be deemed "similarly-situated", the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct *without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.*

*Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir.1992) (citations omitted) (emphasis added); *see also Ercegovich v. Goodyear*

---

3. In the district court, plaintiff also alleged that another employee, Bobby Gonce, was treated more favorably than she. The district court disagreed, and plaintiff has abandoned this contention on appeal.

*Tire & Rubber Co.,* 154 F.3d 344, 352 (6th Cir.1998).

Hardy was not similarly situated to Venoy because they did not engage in the same conduct. While both may have possessed the exam answers before the exam, there is no evidence that Venoy took the answers into the exam. It is Hardy's burden to produce specific facts showing that both she and Venoy engaged in the same conduct. *Mitchell,* 964 F.2d at 583. The fact that no one knows whether Venoy brought the answers into the exam is not a specific fact showing that Venoy engaged in the same conduct. Furthermore, Hardy's argument that there is no distinction between studying the answers before the exam and taking the answers into the exam is not well taken. This is clearly different conduct, and it was rational for Eastman Chemical to distinguish between the two.

The district court did not err in finding that Hardy could not establish the fourth element of her prima facie case. Because we find that Hardy cannot establish her prima facie case of sex discrimination, we decline to address whether she could establish pretext.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.